UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RICHARD GAUDIO, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | Nos.   2:11-CR-55<br>         2:14-CV-308 |

MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 399] [1], filed by Richard Gaudio, ("petitioner" or "Gaudio"). The United States has responded in opposition to the motion, [Doc. 409], and the matter is ripe for disposition. The Court has determined that the files and records in the case conclusively establish that Gaudio is not entitled to relief under § 2255 and no evidentiary hearing is necessary. For the reasons which follow, petitioner's motion will be DENIED and the case DISMISSED.

**I.  Factual and Procedural Background**

Petitioner was charged in six counts of a superseding indictment returned by a federal grand jury on December 13, 2011, [Doc. 98]. He was charged in Count 1 with conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); in Counts 29, 30 and 31 with distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); in Count 32 with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and in Count 33 with

---

[1]  All references are to docket entries in No. 2:11-CR-55.

possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). After a three day jury trial, petitioner was convicted on all counts, although of a lesser included charge, i.e., conspiracy to distribute and possess with intent to distribute less than 500 grams, as to Count 1. [Doc. 241]. Sentencing was set for January 7, 2013 and a presentence investigation report ("PSR") was ordered.

A post-trial motion for judgment of acquittal as to Count 1, [Doc. 243], was denied, [Doc. 320], and, after a continuance at the request of petitioner, [Docs. 313, 316], a sentencing hearing was conducted on March 27, 2013, [Doc. 352]. The Court overruled an objection by petitioner to the guideline range calculation in the PSR and subsequently adopted the PSR. Petitioner's criminal history category was I; his total offense level was 20 for counts 1, 29, 30, 31 and 32; and the resulting advisory guideline range was 33-41 months of imprisonment. Count 33 carried a 60-month mandatory minimum consecutive sentence and the total advisory guideline range was 93-101 months. [PSR, ¶¶ 33, 34, 40 and 58]. Petitioner was sentenced to a term of imprisonment of 93 months, the bottom of the advisory guideline range, [Doc. 352]. Judgment was entered on April 2, 2013, [Doc. 353]. Petitioner filed a notice of appeal on April 9, 2013, [Doc. 354], and the Sixth Circuit affirmed this Court's judgment on April 17, 2014, [Doc. 393]. The instant § 2255 motion was timely filed on October 14, 2014, [Doc. 399].

A recitation of the facts established at trial is not necessary to the resolution of the single issue raised in petitioner's § 2255 motion. The facts relevant to the motion were set out in the Sixth Circuit's order as follows:

> Gaudio argues on appeal that the trial court abused its discretion in failing to answer a juror question regarding conspiracy. During jury deliberations, the jury sent the court the following question:
>
> In relation to charge # 3, is it appropriate for us to

2

consider whether a conspiracy existed independent of the original conspiracy charged? By this we mean is it appropriate for us to consider whether the defendant was part of a new conspiracy or a second conspiracy of his own making?

The court discussed the question with the parties, stating that it was not sure what the jury meant by "charge #3." Gaudio, through counsel, stated that the jury might have been thinking about the "conspiracy under 500 grams" listed as a third option on the jury verdict form and that it would not have made sense for the question to be about the third "actual charge" against Gaudio, because it involved "one of the sales" of cocaine. Gaudio then posited that the jury might have been thinking that Gaudio had his own independent conspiracy involving less than 500 grams and was asking whether it could consider that in Gaudio's conspiracy charge. The court responded that it "almost seemed as if the jury was asking about multiple conspiracies. The court noted that it had not given a charge about multiple conspiracies, and if it had, the charge would have stated clearly that even if Gaudio was a member of another conspiracy, the jury could only find him guilty if he was a member of the conspiracy charged in the indictment. However, the court stated that, because of the question's wording and the uncertainty involved, the court did not think it could do anything except tell the jury that it did not understand the question and thus could not answer it. The court stated further that although the jury was probably referring to charge # 3 on the verdict form, the court did not know what the jury meant by a conspiracy independent of the original conspiracy or a second conspiracy of Gaudio's own making.

Gaudio stated, "I think perhaps the instruction you gave about the multiple conspiracies might clear it up, that's at least how I read this; but, you know, we're not certain." After further discussion, the court stated that if the jury was really asking about whether it could find Gaudio guilty of a conspiracy not charged in the indictment, the answer would be no, but the court would be speculating as to whether that was the question being asked by the jury. The court then proposed the following answer: "Members of the jury: Your precise question is unclear to the court. At this time I cannot give you any instructions beyond what's already been given. You have a copy of the court's instructions and have the verdict form." When asked whether the answer was "[a]ll right," both parties answered affirmatively.

[Doc. 393, at 2-3].

3

## II.     Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-

4

constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

A petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the Petitioner must establish, by identifying specific acts or omissions, that counsel's performance w*a*s deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, the Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The Court is not required to analyze both prongs of the *Strickland* test as to every claim. *Strickland*, 466 U.S. at 697. Indeed,

the Supreme Court recommended that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; accord U*nited States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006).

### III.    Analysis

Petitioner's motion states his single ground as follows:

> **GROUND ONE:**
>
> When the judge refused to answer the jury's question on the subject of law, my attorney Mr. Fabus failed to properly object to the judge's refusal to answer the question. In the appeals court judgment, the appeals court cites the failure of my attorney, Mr. Fabus, to object to the judge's decision not to answer the jury's question as the reason the case was affirmed citing the objection was not made at the district court therefore could not be considered in my appeal. (Appendix 1 – pages 1-3). Subsequently, when my attorney, Mr. Fabus sent the court's decision to me he acknowledged his failure to preform [sic] this critical duty during my trial (Appendix 2 – Page 1). Had the court answered the jury's question as to whether I can be found guilty on my own conspiracy alone the jury would have found me not guilty on the conspiracy part of my trial and would have led to a sentence of 66 months rather than 93 months.

[Doc. 399, at 4].

As the Sixth Circuit noted in its order, the question sent to the Court by the jury was "confusing," leading, of course, to the Court's decision to decline to attempt to answer it with a multiple conspiracy instruction or any further instruction of any kind. "Where there is evidence that the jury is confused over an important legal issue that was not covered by the original jury instruction, a district court abuses its discretion by not clarifying the issue." *United States v. Fisher*, 648 F.3d 442,447 (2011) (citing *United States v. Nunez*, 889 F.2d 1564, 1567-69 (6th Cir. 1989)). "A district court, however, should refrain from straying beyond the purpose of jury instructions by answering jury questions that seek collateral or inappropriate advice." *Id*. (citing

*United States v. Combs*, 33 F.3d 667, 670 (6th Cir. 1994)). The district court's jury instructions must be viewed as a whole and the court should avoid instructions that are confusing, misleading, and prejudicial. *United States v. Young*, 553 F.3d 1035, 1050 (6th Cir. 2009).

Petitioner argues that his attorney was ineffective in "failing to properly object to the judge's refusal to answer the [jury's] question." [Doc. 339, at 4]. He further asserts that the Court should have "answered the jury's question as to whether [he could] be found guilty on my own conspiracy alone." [*Id.*] Generously reading petitioner's claim, it appears that he believes his attorney should have requested that the Court instruct the jury on multiple conspiracies. But, as the Court noted when discussing the question with the parties before responding to the jury's question, and as noted by the Sixth Circuit, the question was confusing and did not clearly indicate the need for such an instruction. Had the Court responded to the jury's question with a supplemental instruction on multiple conspiracies, there is a substantial likelihood that the Court's answer would have been unresponsive to the jury's question and would have simply confused the jury. Furthermore, since the Court's response informed the jury that the "precise question is unclear to the Court," the jury could have sent to the Court another, more precise, question. The jury did not do so.

Interestingly, the petitioner does not argue that the Court was in error by not including a multiple conspiracy instruction in the original instructions given to the jury before it began deliberations. It is undisputed that "when the evidence is such that the jury could find more than one conspiracy, the trial court should give a multiple conspiracy instruction." *United States v. Kelsor*, 665 F.3d 684, 695 (6th Cir. 2011) (quoting *United States v. Warner*, 690 F.2d 545, 551 (6th Cir. 1982)). Even so, however, it is not error to fail to give the instruction where the instructions given, as here, were on the whole adequate. *Warner*, 690 F.2d at 551. The Court

7

correctly charged the jury on the elements of the conspiracy charge, that petitioner was "only on trial for the particular crimes charged in the indictment," and that the jury's job was "limited to deciding whether the government has proved the crimes charged in the indictment." [Doc. 365, at 89-91]. Even if a multiple conspiracy instruction would have been preferable, these instructions adequately informed the jury that petitioner could only be convicted of the conspiracy alleged in the indictment. *See Warner*, 690 F.2d at 551 (citing *United States v. Rodgers*, 624 F.2d 1303, 1308 (5th Cir.), *cert. denied*, 450 U.S. 917 (1980); *United States v. Watson*, 594 F.2d 1330, 1340 (10th Cir. 1979), *cert. denied*, 444 U.S. 840 (1980)).

In addition, the United States presented "very substantial evidence" of petitioner's guilt, [*see* Doc. 320, at 5], and petitioner's counsel conceded that evidence of the larger conspiracy was "overwhelming." [*Id.*] Additionally, "this [is] not a case where a defendant with a relatively minor role was forced to endure an extended trial where the bulk of the evidence did not pertain to him." *United States v. Caver*, 470 F.3d 220, 237 (6th Cir. 2006). The conspiracy charged here was a chain conspiracy and the Sixth Circuit has "acknowledged that in such cases 'it is not easy for a defendant to succeed in making a multiple conspiracy claim.'" *United States v. Quinones-Cedeno*, 51 Fed. App'x 558, 565 (6th Cir. 2002) (quoting *United States v. Maliszewski*, 171 F.3d 992, 1014 (6th Cir. 1998)). Petitioner is less than clear about the contours of the multiple conspiracies he claims are shown by the evidence, *see id.*, or what he means by "my own conspiracy alone." [Doc. 399, at 4]. While evidence of guilt of the charged conspiracy was substantial, evidence of any other conspiracy of which Gaudio might have been a part was non-existent. Under all these circumstances, a multiple conspiracy instruction was inappropriate not only before the jury retired to deliberate but also in response to the jury's question, and counsel's actions were entirely appropriate.

Even assuming *arguendo* that a multiple conspiracy instruction was needed in this case and that counsel was ineffective, petitioner cannot show prejudice, despite his conclusory allegation that, had the Court given the instruction, he would have been found not guilty of the conspiracy and would have received a sentence of 66 months rather than 93 months. The danger a multiple conspiracy instruction "seeks to avoid . . . 'is the transference of guilt from defendants involved in one conspiracy to defendants in another conspiracy, such that a defendant is convicted for a conspiracy for which he was not indicted.'" *Warner*, 690 F.2d at 551 (quoting *Caver*, 470 F.3d at 246). When the evidence demonstrates multiple conspiracies, the failure to give the instruction is prejudicial "if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial." *Caver*, 470 F.3d at 327.

There was simply no risk here that the jury transferred guilt of defendants involved in one conspiracy to petitioner, who was involved in another. Because the jury is presumed to have followed the Court's instruction that it could only find defendant guilty of the charged conspiracy, *see Roberts v. Carter*, 337 F.3d 609, 615 (6th Cir. 2003), the Court has no difficulty concluding that the jury did not transfer guilt from the other co-defendants to petitioner or find defendant guilty of the charged conspiracy when in fact he was only involved in some other, vague, uncharged conspiracy. Finally, petitioner's argument that he would have received a lesser sentence if he had not been convicted of the conspiracy is simply incorrect. As set forth in PSR, Counts 1, 29, 30, 31 and 32 were grouped for guideline calculation purposes pursuant to USSG § 3D1.2(d). [PSR, ¶ 24]. Even without the conspiracy conviction, the guideline range for Counts 29, 30, 31 and 32 would have remained 33 to 41 months, plus the 60-month consecutive sentence for Count 33. Petitioner has not carried his burden of establishing any prejudice.

## IV. Conclusion

For the reasons set forth above, the Court holds that petitioner's conviction and sentencing were not in violation of the constitution or laws of the United States and her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED:

                                                                               s/J. RONNIE GREER
                                                                             UNITED STATES DISTRICT JUDGE